**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 15, 2013

LETTER TO COUNSEL:

    RE:    *Darlene McNeal v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-3079

Dear Counsel:

    On October 28, 2011, the Plaintiff, Darlene McNeal, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 18, 24). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. McNeal filed her claim on October 7, 2004, alleging disability beginning on April 16, 2004. (Tr. 13). Her claim was denied initially on December 17, 2004, and on reconsideration on August 26, 2005. (Tr. 13, 55-57). Following a hearing, an Administrative Law Judge ("ALJ") denied benefits. (Tr. 10-26). Ms. McNeal appealed, and her case was remanded for further proceedings. (Tr. 647-48). A second hearing before an ALJ was held on September 29, 2009. (Tr. 858-83). Following that hearing, on November 3, 2009, the ALJ determined that Ms. McNeal was disabled beginning on January 1, 2007, but that she was not disabled prior to that date. (Tr. 653-67). The Appeals Council denied Ms. McNeal's request for review (Tr. 629-31), so the ALJ's November 3, 2009 decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. McNeal suffered from the severe impairments of degenerative disc disease of the lumbar spine; carpal tunnel syndrome, osteoporosis, and depression. (Tr. 656). Despite these impairments, the ALJ determined that prior to January 1, 2007, Ms. McNeal retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except that she could sit and stand for 20-30 minutes at a time consistently on an alternate basis; would need to avoid heights, hazardous machinery, temperature and humidity extremes, stair climbing and vibrations; would be mildly limited as to push-pull in the left lower extremity; would need to avoid repetitive use of the hands for dexterity purposes and would be limited to simple, routine, unskilled jobs that required low stress, low concentration and low memory.

*Darlene McNeal v. Commissioner, Social Security Administration*
Civil No. SAG-11-3079
January 14, 2013
Page 2


(Tr. 659-60). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, prior to January 1, 2007, Ms. McNeal could perform jobs existing in significant numbers in the national economy, and that she was therefore not disabled. (Tr. 666).

Ms. McNeal raises a single issue on appeal. She contends that the ALJ erred in determining that she did not become disabled until January 1, 2007. Pl. Mot. 4. Specifically, she cites the medical opinions of her treating physician, Dr. Winters, and the medical report form completed by Dr. Iuliano, all of which suggest that she could not perform sedentary work. *Id.* Dr. Winters repeatedly suggested that Ms. McNeal "should be disabled." (Tr. 564, 557, 561). However, treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Issues reserved to the Commissioner are administrative findings – such as a claimant's RFC – that are dispositive of a case. *Id.*

My review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under that framework, I conclude that substantial evidence supports the ALJ's conclusion that Ms. McNeal was able to perform work in accordance with the limitations in the RFC prior to January 1, 2007. The ALJ engaged in an extensive analysis of the evidence of record prior to January 1, 2007. (Tr. 660-64). The evidence cited by the ALJ included the records showing improvement after each surgery prior to the surgery in January, 2007, (Tr. 661); the records showing limited objective findings in August, 2005 and June, 2006, *id.*; and the records from Dr. Iuliano showing normal gait, good leg strength, and a stable spine on flexion and extension in October, 2004. (Tr. 662). The ALJ further explained his reasons for assigning little weight to the opinions of Dr. Winters and Dr. Iuliano, because he deemed those opinions to be inconsistent with the medical evidence cited above. (Tr. 663). The ALJ's position is well-explained and is supported by substantial evidence. Remand is therefore unwarranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 18) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 24) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge